Filed 2/4/16  P. v. Taylor CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>FARMONTAE TAYLOR,<br><br>    Defendant and Appellant. | B265211<br><br>(Los Angeles County<br>Super. Ct. No. BA244373) |

APPEAL from an order from the Superior Court of the County of Los Angeles, Craig Veals, Judge.  Affirmed.

Law Offices of David R. Greifinger, David R. Greifinger, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant was convicted in 1990 and 1996 of second-degree robbery (Pen. Code, § 211[1]).  In 2003 he was again convicted of second-degree robbery (the underlying case) and sentenced to 25 years to life as a third-strike offender.  In April 2015, defendant filed an application for resentencing under Proposition 47 (section 1170.18).[2]  The trial court denied the application, stating "[defendant's] underlying convictions were for [section] 211, and he therefore is not eligible for the relief he seeks."  Defendant filed his notice of appeal.

On appeal, appointed counsel for defendant filed an opening brief in accordance with *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) requesting this court conduct an independent review of the record to determine if there are any arguable appellate issues. On October 30, 2015, we gave notice to defendant that his counsel had filed a *Wende* brief and defendant had 30 days within which to submit a supplemental brief.  Defendant filed a letter brief in which he appears to contend there were errors in the proceedings underlying the 2003 judgment and the judgments in other prior cases, and his appellate counsel in this appeal provided him with ineffective assistance of counsel by failing to advance those contentions.

Defendant did not appeal the underlying judgment or the judgments in his prior cases.  Acting on his own behalf, he filed an unambiguous notice of appeal, referencing the underlying trial court case number here, appealing "the erroneous denial of [his] [P]roposition 47 motion [made] to the court."  "Our jurisdiction is 'limited in scope to the notice of appeal and the judgment appealed from.  [Citation.]'  [Citation.]"  (*Ellis v. Ellis* (2015) 235 Cal.App.4th 837, 846; *Norman I. Krug Real Estate Investments, Inc. v. Praszker* (1990) 220 Cal.App.3d 35, 46.)  In addition, even had defendant appealed those judgments, the appeal would have been untimely.  (Cal. Rules of Court, rule 8.104; *Hollister Convalescent Hosp., Inc. v. Rico* (1975) 15 Cal.3d 660, 666-667.)  We therefore do not address defendant's contentions of error.

---

[1]     All statutory citations are to the Penal Code unless otherwise noted.

[2]     Section 1170.18 "was enacted as part of Proposition 47." (*People v. Rivera* (2015) 233 Cal.App.4th 1085, 1089.)

In addition to reviewing the matters raised in defendant's letter brief, we have made an independent examination of the entire record to determine if there are any other arguable issues on appeal. Based on that review, we have determined there are no other arguable issues. We are therefore satisfied that defendant's counsel has fully complied with his responsibilities under *Wende*, *supra*, 25 Cal.3d 436.

**DISPOSITION**

The order is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

KUMAR, J.[*]

We concur:

KRIEGLER, Acting P. J.

BAKER, J.

---

[*] Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

3